Angelo Mauceri, J.
This is a motion by the defendant for leave to demand a trial by jury nunc pro tunc. The action is one to recover damages for personal injuries due to the alleged negligence of the defendant, originally instituted in Supreme Court of Suffolk County. A notice of trial and statement of readiness were filed in that action by the plaintiffs, and the defendant never demanded a jury trial. On February 22, 1971, a pretrial con *616 ference was held before Justice Cromarty, at which the plaintiffs agreed to reduce their claims for damages to an amount within the monetary jurisdiction of District Court, and the case was accordingly removed on March 1,1971.
On that date, this court notified both parties of the removal and informed them that in order for the case to be placed on the District Court calendar, all pleadings must be submitted.
Subsequently, on August 26,1971, the court notified both sides that the matter had been set down for a nonjury trial on September 10,1971.
It is the contention of the moving party that neither party ever served a notice of trial or statement of readiness in the District Court action, it should not have been noticed for trial by the court. And, in view of this, the defendant has retained its right to demand a jnry trial.
The defendant’s contention in this regard is incorrect in light of subdivision (d) of section 3935.9 of the Buies of the Suffolk County District Court (22 NYCRR 3935.9 [d]) which states: “ (d) Causes transferred from the Supreme Court and the County Court to the District Court shall be placed in such order and relative position on the appropriate calendars in the position, as nearly practicable, as the cause would have held on the calendar had it originally been noticed for trial in the District Court. ’ ’ Thus, the case was appropriately scheduled for trial by the court upon its removal.
The court is not unmindful of CPLR 325 (subd. [c]), which states that, when an action is removed from a higher court to a lower court upon a reduction of the amount of damages demanded and upon consent of all parties to the action, a waiver of jury trial in the first court is inoperative after the removal. This decision is not grounded on any waiver that the defendant may have made in the Supreme Court action.
The basis of our decision is section 1303 of the Uniform District Court Act which states that, if a party receives a notice of trial unaccompanied by a written notice demanding a trial by jury, he may make such written demand within 10 days after he was served with the notice of trial. The purpose of serving a notice of trial is to put the case' on the Trial Calendar. Since in this case the court itself, pursuant to its rule, placed the matter on the trial calendar and so notified all parties, there would have been no purpose to the plaintiffs’ serving and filing their own notice of trial. Furthermore, there should have been no reasonable expectation on the part of the defendant that the plaintiffs would serve such a notice, once the court had already given *617 notice. The time for the defendant to make its jury demand began to run from the time it received the court’s notice of trial and this eleventh-hour application, made on the eve of trial, cannot be approved.